# PRI CAPITAL GROUP, LLC *v.* EASTERN CAPITAL FUNDING, LLC, ET AL.
## (AC 25341)

Lavery, C. J., and McLachlan and Gruendel, Js.

Argued February 17—officially released July 5, 2005

*Todd S. Federico*, with whom was *Edward F. Spinella*, for the appellants (defendant Chance Ventures, Inc., et al.).

*Douglas R. Steinmetz*, with whom was *Calvin K. Woo*, for the appellee (plaintiff).

*Opinion*

McLACHLAN, J. In this interlocutory appeal, the defendants Chance Ventures, Inc., Andrew D. Gosman and Michael Gosman (collectively referred to as the Chance defendants) appeal from the order of the trial court opening the judgment of nonsuit that the court previously had rendered in their favor against the plaintiff, PRI Capital Group, LLC. The Chance defendants claim on appeal that the court (1) improperly interpreted the plaintiff's single motion to open as applying to two judgments of nonsuit that had been rendered and (2) lacked the statutory authority to open the judgment of nonsuit rendered in their favor. We lack jurisdiction to address the first issue and affirm the order of the trial court on the second issue.

The plaintiff initiated this action in June, 2001, alleging tortious interference with a contractual and business relationship and violations of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., arising out of the plaintiff's attempt to develop a casino gaming establishment with the Eastern Pequot Nation. Both the Chance defendants and the defendants Eastern Capital Funding, LLC, and David A. Rosow (collectively referred to as the Eastern defendants) filed requests to revise the complaint, seeking from the plaintiff more complete or particular allegations.[1] The plaintiff failed to revise the complaint or to object to the requests to revise. Thereafter, on February 14, 2002, the Chance defendants filed a motion for nonsuit and the next day, February 15, 2002, the Eastern defendants filed a motion for nonsuit. The court, *Hon. D. Michael Hurley,* judge trial referee, granted the motions for nonsuit in the order opposite to their filing, granting the Eastern defendants' motion on May 20, 2002, and the Chance defendants' motion on May 28, 2002.

[1] Another defendant, Abraham D. Gosman, has not entered an appearance in this case and, like the Eastern defendants, is not a party to this appeal.

On July 9, 2002, the plaintiff filed a motion to open and on July 18, 2002, filed a verified supplement in order to satisfy General Statutes § 52-212 (b).[2] Attached to the initial unverified motion to open was a proposed revised complaint containing revised allegations against both groups of defendants. The motion to open stated: "Pursuant to Practice Book § 17-43, the Plaintiff . . . respectfully requests that the nonsuit for failure to plead, which entered on or about May 20, 2002, be set aside. Plaintiff requests that this Court reopen the instant action to permit the Plaintiff to file its Revised Complaint, a copy of which is attached . . . . Defendants filed a Motion for Nonsuit on or about February 15, 2002 as a result of Plaintiff's failure to respond to Defendants' Request to Revise. On or about May 20, 2002, the court granted Defendants' Motion for Nonsuit. The Plaintiff now submits its Motion to reopen within the four (4) month period permitted under Practice Book § 17-43. . . . Reopening this action and permitting the filing of Plaintiff's Revised Complaint will pose no prejudice to the Defendants in that Plaintiff has fully complied with Defendants' Request to Revise."

Thus, the plaintiff's motion to open the nonsuit refers more specifically to the Eastern defendants,[3] who filed a motion for nonsuit on February 15, 2002, which motion the court granted on May 20, 2002, than it does to the Chance defendants, who filed their motion for a nonsuit on February 14, 2002, which motion the court granted on May 28, 2002. The plaintiff filed only one motion to open and paid only one filing fee pursuant to General Statutes § 52-259c. Judge Hurley granted the plaintiff's motion on July 23, 2002, without explanation,

---

[2] General Statutes § 52-212 (b) provides in relevant part: "The . . . written motion [to open] shall be verified by the oath of the complainant or his attorney . . . ." The Chance defendants do not raise any claims as to the propriety or adequacy of the plaintiff's delayed verification.

[3] The verified supplement the plaintiff filed on July 18, 2002, makes reference to the Chance defendants as well as the Eastern defendants.

and the plaintiff filed its revised complaint as to both groups of defendants on July 29, 2002. The Chance defendants did not answer the revised complaint or participate otherwise in the action again until after September 11, 2003, when the plaintiff filed a motion for default against them for failure to plead to the revised complaint of July 29, 2002.[4]

When the court clerk granted the plaintiff's motion for default against the Chance defendants, the confusion over whether the plaintiff's motion to open was applicable to the Chance defendants came to the surface. The Chance defendants quickly filed a motion to set aside the default, which the court, *Quinn, J.*, granted. On November 24, 2003, Judge Quinn issued an order in which she interpreted Judge Hurley's granting of the plaintiff's motion to open, stating: "The court finds that a fair reading of the motion to open is that, as the plaintiff argues, it refers to both judgments of nonsuit. The court so interprets the granting of the motion . . . . The court reaches this conclusion based on a review of the language of the motion and the dates on which the previous motions were filed. The motion to open can easily be read as referring to both nonsuits as the plaintiff did not label the defendants in their divided representative capacity, but always as 'defendants' and spoke about any dates as 'on or about May 20,' which can be read to encompass both dates in question." Consequently, Judge Quinn allowed the Chance defendants "the usual time in which to plead to the amended complaint." Judge Quinn denied the Chance defendants' subsequent motion to reargue on March 26, 2004, issuing a more lengthy memorandum of decision addressing the Chance defendants' arguments that the court lacked authority to open the nonsuits

---

[4] The Chance defendants did not respond to discovery requests that the plaintiff had filed in the interim.

under §§ 52-212 and 52-259c. Following that decision, the Chance defendants filed this appeal.

I

The Chance defendants first claim that the court improperly interpreted the plaintiff's motion to open as applying to both groups of defendants. Both parties address in their briefs the issue of whether the Chance defendants have appealed from an appealable final judgment or order. We conclude that they have brought a proper interlocutory appeal as to their second claim, but that we lack subject matter jurisdiction to consider their first claim.

"[I]t is well established that an order opening a judgment ordinarily is not a final judgment within [General Statutes] § 52-263. . . . [Our Supreme Court], however, has recognized an exception to this rule where the appeal challenges the power of the court to act to set aside the judgment. *Connecticut Light & Power Co.* v. *Costle*, 179 Conn. 415, 418, 426 A.2d 1324 (1980) . . . . [W]e address the defendant[s'] appeal to the extent that it questions the authority of the trial court to open the judgment of nonsuit." (Citations omitted; internal quotation marks omitted.) *G. F. Construction, Inc.* v. *Cherry Hill Construction, Inc.*, 42 Conn. App. 119, 122–23, 679 A.2d 32 (1996).

The Chance defendants' second claim is that the court lacked the authority to open the judgment of nonsuit because the plaintiff failed to follow the requirements of §§ 52-212 and 52-259c. That claim falls plainly within the exception and, therefore, we have jurisdiction to afford it consideration. The claim we are presently considering, however, is that Judge Quinn misunderstood the import of Judge Hurley's order granting the plaintiff's motion to open. We are without jurisdiction to decide that claim because it is outside of the scope of the exception to the final judgment rule. We address

the defendants' appeal only "to the extent that it questions the authority of the trial court to open the judgment of nonsuit." Id., 123. The defendants' challenge to Judge Quinn's construction of the motion pertains to the merits of the court's decision to open the judgment of nonsuit rather than to its authority to do so. We therefore lack jurisdiction to decide the first claim on appeal.

## II

We are left to consider the more limited issues of whether, under §§ 52-212 and 52-259c, respectively, a court has the authority to open two judgments of nonsuit rendered in the same action where the party moving to open (1) files only one motion to open and (2) pays only one filing fee. We consider each in turn.

"Whether a court has authority to grant a motion to open requires an interpretation of the relevant statutes. Statutory construction, in turn, presents a question of law over which our review is plenary." *Opoku* v. *Grant*, 63 Conn. App. 686, 690, 778 A.2d 981 (2001).

## A

We first consider the court's authority to open two judgments of nonsuit by granting one motion to open. Because we are without jurisdiction to review the court's interpretation of the plaintiff's motion to open, we must refrain from such review and assume that the motion to open adequately named both groups of defendants. That leaves the Chance defendants with the difficult claim that the court lacked the authority under § 52-212 to open two nonsuits by granting one motion to open. Section 52-212 (a) provides in relevant part: "Any judgment rendered . . . upon a . . . nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on

such terms in respect to costs as the court deems reasonable, upon the complaint or *written motion* of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment . . . and that the plaintiff . . . was prevented by mistake, accident or other reasonable cause from prosecuting the action . . . ." (Emphasis added.)

Although there is no question that the plaintiff submitted a written motion, the Chance defendants nevertheless seize on the term written motion, arguing that it signifies the requirement of a separate written motion for each nonsuit opened. Specifically, they argue that, given the dates stated in the plaintiff's motion, it applies more obviously to the Eastern defendants and, therefore, no written motion to open has been filed against them. The court, however, already reached the conclusion, which is beyond our limited jurisdictional reach, that the motion applied to both groups of defendants. The Chance defendants cite no authority, nor can we find any, for the proposition that a court cannot open two judgments of nonsuit by granting one written motion. In fact, trial courts routinely grant single motions that effect the rights of multiple parties. We accordingly conclude that a court has the authority under § 52-212 (a) to open multiple judgments of nonsuit by granting a single motion to open.

B

The Chance defendants next claim that the court lacked the authority under § 52-259c to open two nonsuits when the plaintiff paid only one filing fee. Section 52-259c (a) provides in relevant part: "There shall be paid to the clerk of the Superior Court upon the filing of any motion to open . . . any civil judgment rendered in Superior Court a fee . . . . Such fee may be waived by the court."

The Chance defendants assert that the absence of a filing fee with a motion to open is fatal to that motion. We have already concluded, however, that the court had the authority to open both nonsuits on the plaintiff's single motion to open. It would be anomalous to conclude that the plaintiff nevertheless was required to pay two filing fees.

The appeal is dismissed in part and the order opening the judgment of nonsuit is affirmed.

In this opinion the other judges concurred.