## MICHAEL URSINI *v.* JAMES BARNETT ET AL.
## (AC 31458)

Gruendel, Alvord and Peters, Js.

Argued September 17—officially released November 9, 2010

*Ronald J. Piombino*, for the appellant (named defendant).

*Taryn D. Martin*, with whom, on the brief, was *Robert A. Ziegler*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant in this summary process action, James Barnett,[1] appeals from the trial court's judgment of possession in favor of the plaintiff, Michael Ursini. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's appeal. The defendant owned a home located at 72 Nooks Hill Road in Cromwell. He was facing foreclosure by sale of the property, scheduled for June 28, 2008. To avoid foreclosure, he sold the property to the plaintiff. On June 5, 2008, the date of the closing, the parties entered into a one year written lease agreement under which the defendant leased the property from the plaintiff. The lease agreement provided for monthly rental payments and included a purchase option agreement that expired on June 5, 2009. Both parties signed the lease agreement.

---

[1] The complaint was filed against Barnett, John Doe and Jane Doe. The plaintiff withdrew the allegations against the Does on January 6, 2009. Accordingly, we refer in this opinion to Barnett as the defendant.

The defendant paid his first month's rent in the amount of $1650 on July 1, 2008. He failed to pay rent during the remaining term of the lease. On or about October 14, 2008, the plaintiff served the defendant with notice to quit possession of the property by October 28, 2008. The defendant failed to quit possession, and on October 30, 2008, the plaintiff instituted summary process proceedings against him.[2]

The defendant's answer denied the allegations of the complaint, except to leave the plaintiff to his proof as to whether the plaintiff caused a notice to quit to be served on the defendant. The defendant admitted that he still occupies the subject premises. He filed three special defenses, arguing, inter alia, fraudulent inducement as to the purchase and sale agreement and the lease, and claiming that the lease was illegal and against public policy.[3] Subsequently, the defendant orally requested that the court also apply the equitable doctrine against forfeiture.

After a three day trial, the court rendered judgment of possession in favor of the plaintiff. The defendant filed this timely appeal on September 3, 2009. The sole issue on appeal is whether the court properly found that the defendant breached the lease by failing to pay rent without justification under a valid special defense.[4]

---

[2] The complaint was filed pursuant to General Statutes § 47a-23a (a), which provides in relevant part: "If . . . the lessee or occupant neglects or refuses to quit possession or occupancy of the premises, any commissioner of the Superior Court may issue a writ, summons and complaint . . . which shall set forth facts justifying a judgment for immediate possession or occupancy of the premises and make a claim for possession or occupancy of the premises. . . ."

[3] The defenses were filed pursuant to General Statutes § 47a-33a, which provides: "In any action of summary process under this chapter, the tenant may present any affirmative legal, equitable or constitutional defense that the tenant may have."

[4] The defendant argued in his brief and at oral argument that the court should construe the defenses raised in light of the several contemporaneous transactions between the parties, including the lease, purchase and sale contract and purchase option agreement. It is fundamental in our law that

We begin our analysis with the applicable standard of review. Whether the court properly found that the defendant breached the lease by failing to tender rent depends upon a question of fact. See *Romanczak* v. *AvalonBay Communities, Inc.*, 122 Conn. App. 499, 507, 998 A.2d 272 (2010). Factual findings are subject to a clearly erroneous standard of review. *Bahjat* v. *Dadi*, 123 Conn. App. 10, 13, 1 A.3d 312 (2010). It is well established that "[a] finding of fact will not be disturbed unless it is clearly erroneous in view of the evidence and pleadings in the whole record. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed . . . . Our authority, when reviewing the findings of a judge, is circumscribed by the deference we must give to decisions of the trier of fact, who is usually in a superior position to appraise and weigh the evidence. . . . The question for this court . . . is not whether it would have made the findings the trial court did, but whether in view of the evidence and pleadings in the whole record it is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) Id., 13–14.

---

"the right of a plaintiff to recover is limited by the allegations of the complaint . . . and any judgment should conform to the pleadings, the issues and the prayers for relief." (Internal quotation marks omitted.) *Journal Publishing Co.* v. *Hartford Courant Co.*, 261 Conn. 673, 686, 804 A.2d 823 (2002). "Summary process is aimed at deciding the simple question of who is entitled to possession." *Yarbrough* v. *Demirjian*, 17 Conn. App. 1, 3, 549 A.2d 283, cert. denied, 209 Conn. 828, 552 A.2d 434 (1988).

The pleadings allege only a summary process action. The defendant did not file any counterclaim and acknowledges, in response to questioning during oral argument, that he may pursue litigation challenging the other contracts in another action. Accordingly, we decline to review the defendant's allegations to the extent that he requests us to look beyond the lease qua lease.

In order to prevail in a summary process action alleging nonpayment of rent, a landlord must show that the tenant failed to tender rent prior to the service of the notice to quit. *Mayron's Bake Shops, Inc.* v. *Arrow Stores, Inc.*, 149 Conn. 149, 156, 176 A.2d 574 (1961). The decision of the court reflects findings that (1) both parties entered into the written lease agreement, (2) the defendant maintained possession of the premises pursuant to this lease, (3) the defendant understood his duty to pay monthly rent in the amount of $1650 and (4) after the first month, the defendant failed to pay rent. Thereafter, when the defendant was already in significant arrears, the plaintiff followed the proper procedure for a summary process action by serving the defendant a notice to quit and subsequently filing the present action. The court's findings are supported by an abundance of evidence in the record, including the defendant's own testimony that he understood he had to pay rent for one year and simply failed to do so. The plaintiff has met his burden and complied with the procedural hurdles required in a summary process action.

On appeal, the defendant does not contend that he paid rent but, instead, focuses on the special defenses he raised. He claims that the judgment of the court should be overturned because (1) the transaction was unconscionable, (2) he should be protected by the equitable doctrine against forfeiture and (3) the transaction was fraudulent. The defendant argues that we should review the lease "in light of the whole transaction" or "based upon the totality of facts and circumstances" and refers to deceit underlying the "whole transaction." We limit our review, as the trial court did, to the lease document and express no opinion on the propriety of the other agreements between the parties. We agree with the trial court that the defendant did not produce

any evidence that the lease, read as a solitary document, was subject to the defenses raised.

The judgment is affirmed.