******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

U.S. BANK NATIONAL ASSOCIATION, TRUSTEE
*v.* LOUISE WORKS
(AC 36707)

DiPentima, C. J., Sheldon and Cohn, Js.

*Argued April 9—officially released September 22, 2015*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Mintz, J.)

*Christopher J. Picard*, for the appellant (plaintiff).

*Janine M. Becker*, with whom, on the brief, was
*Patricia Moore*, for the appellee (defendant).

*Opinion*

COHN, J. The plaintiff, U.S. Bank National Association, as trustee for Wachovia Loan Trust, Series 2006-AMN1, appeals from the judgment of the trial court granting the motion of the defendant, Louise Works, to open the judgment of strict foreclosure and to set aside the default entered against her for failure to plead. The plaintiff claims that the court improperly (1) opened the judgment of strict foreclosure pursuant to General Statutes § 49-15 (b), and (2) set aside the default entered against the defendant. We conclude that the court had the authority to open the judgment of strict foreclosure and we dismiss the remainder of the plaintiff's appeal for lack of a final judgment.

This appeal arises out of the plaintiff's attempt to foreclose on certain real property located at 54 Winding Lane in Norwalk. On February 16, 2010, the plaintiff instituted a foreclosure action with respect to the property in the Superior Court for the judicial district of Stamford-Norwalk. The plaintiff's complaint alleged the following facts.[1] On February 27, 2006, the defendant, the owner of the property, executed a note in favor of American Mortgage Network, Inc., for a loan in the amount of $462,000. On the same day, to secure the note, the defendant also executed a mortgage on the property in favor of Mortgage Electronic Registration Systems, Inc., as nominee for American Mortgage Network, Inc. The mortgage was recorded in the Norwalk land records. It was then assigned to the plaintiff. When the defendant failed to make timely payments of principal and interest under the note, the plaintiff, as the holder of the note and the mortgage, elected to accelerate the balance due on the note and to foreclose the mortgage on the property. To that end, it commenced the present action.

The day after the plaintiff filed its complaint, the defendant filed a request for foreclosure mediation, which the clerk of the court granted on March 8, 2010. The parties engaged in the mediation process until December 17, 2010, when the mediator filed a report notifying the court that the mediation had been unsuccessful. On May 25, 2011, the plaintiff filed a motion to enter a default against the defendant for failure to plead. The clerk of the court granted the plaintiff's motion on June 1, 2011. The plaintiff then filed a motion for judgment of strict foreclosure, which the court granted on November 28, 2011. The court thereupon entered a judgment of strict foreclosure by setting the law day for May 1, 2012.

On April 30, 2012, the defendant filed a chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Connecticut in Bridgeport. Pursuant to title 11 of the United States Code, § 362, the filing of the bankruptcy petition operated as an auto-

matic stay of the plaintiff's foreclosure action. The bankruptcy court dismissed the defendant's chapter 13 petition on December 21, 2012. On July 17, 2013, the plaintiff filed a motion to reset the law days and reenter judgment in this action pursuant to § 49-15 (b). Before the court ruled on the motion, however, the defendant filed a chapter 7 bankruptcy petition. The chapter 7 petition also operated as an automatic stay of this action. 11 U.S.C. § 362 (2010). On August 28, 2013, the bankruptcy court issued an order granting the plaintiff relief from the automatic stay, thereby permitting the plaintiff to further pursue this action.

On January 26, 2014, the day before the hearing scheduled for the plaintiff's motion to reset the law days and reenter judgment, the defendant filed a motion to open the judgment of strict foreclosure and set aside the default entered against her for failure to plead. In her motion, the defendant raised the defenses of equitable estoppel, unconscionability, and unclean hands. Specifically, she alleged that American Mortgage Network, Inc., the original lender, had engaged in misrepresentation and predatory lending practices. On that basis, she requested that the court open the judgment of strict foreclosure and set aside the default entered against her.

On the day of the hearing, January 27, 2014, the defendant's counsel notified the court that the motion to open the judgment and set aside the default had been filed. The defendant's counsel stated: "Upon receipt of affidavit of debt in this case, I noticed there had been no pay down of principal at all during this period of time and really reviewed the note and found that this was an interest only note and talked to [the defendant] more about the circumstances how this mortgage came about. Where she—and [the defendant] right now she'll be I think, I believe, seventy-nine [years old] at the end of this month. She was about seventy-one when she entered into this mortgage. At the time, upon information and belief, she did have a mortgage, but there was, we believe, equity in the property. A representative did come to her home and sold her this mortgage product which, in fact, has extinguish[ed] any equity in the house, and has put her in a situation where she's only been paying interest. She was earning the same amount of money she did at the time that she got the mortgage as she's doing now as a substitute teacher who wasn't even working full time then or she's working now which is why she can't work into modification. So all the indications of predatory lending are jumping out in this case. . . . At this point we need the judgment—well, the judgment, actually, has to be re-entered today if the court wishes to go forward, but we need the default set aside so that we can raise these defenses and develop these defenses."

After hearing from the defendant's counsel, the court

stated: "Well, you need to move to reopen the judgment first, don't you, and then move to set aside the default." The court then considered § 49-15 (b) and decided that, pursuant to that section, the judgment was already open.[2] The court concluded that "the defendant does not have to under [General Statutes §] 52-212 file a motion to open judgment because under [§] 49-15 (b) it's automatically [opened] upon the filing of the deficient bankruptcy. But the provisions of the judgment, the findings, remain. But the judgment was reopened." The hearing on the merits of the defendant's motion to set aside the default was scheduled for February 10, 2014. On February 10, 2014, the court continued the hearing to March 17, 2014.

On March 17, 2014, the court held the hearing on the defendant's motion to set aside the default. The court made the following findings: "The court is going to find that there is no prejudice to the plaintiff if I reopen the default, because the mediation ended [o]n December 17, 2010. Nothing was filed. A default [for] failure to plead was filed May 25, 2011. Judgment was filed September 9, 2011 by the plaintiff. It went to judgment on November 28, 2011. And the bankruptcies occurred. Then the motion to—that was dismissed on—dismissed on December 21, 2012. A motion to reset law days after the dismissal wasn't filed until July 17, 2013. That appeared on the short calendar on January 29, 2013; was not marked ready. Then it appeared on the short calendar on November 25, 2013, and was not marked ready. It was also on December 16, 2013, short calendar; was not marked ready. It was on the January 6, 2014 short calendar; was not marked ready. It appeared on the January 27, 2014. It was marked ready. And that's when we started this discussion. The court's going to find that there are viable defenses, albeit—I'm not sure they're going to be—I'm not saying that they will be successful, but they're viable. And I'll grant the motion to open [the default], and overrule the objection." Following the court's decision to open the default, the defendant filed an answer and special defenses. The plaintiff filed a motion to reargue the court's decision, which the court denied. This appeal followed.

After the plaintiff filed this appeal, it filed a motion for articulation with the trial court, requesting that the court articulate its decision to open the judgment of strict foreclosure and to set aside the default entered against the defendant. On June 23, 2014, the court provided the following articulation: "The court, in response to the motion for articulation . . . the court is going to find . . . [§] 49-15 (b) states on its face that the— any judgment against the mortgagor foreclosing any title to real estate by a strict foreclosure shall be opened automatically without any action by any party or the court, provided, the provisions of such judgment, i.e., the debt, and other provisions of the judgment, other than the establishment of law days, shall not be set aside

under this subsection . . . so the court articulation is that the judgment was opened automatically by [§] 49-15.

"A default was not—the default failure to plead was not opened automatically. So a motion for default, motion to open the default, needed to be filed, and that's what I ruled on. . . . The court found that there were viable defenses, albeit the court did recognize that if they were—went to trial, and a court did not believe the defendant, that they—she would lose . . . . And so the court found that the defenses that were alleged were valid defenses to the action. The court . . . went through a thorough analysis of why there was no prejudice, no—no negligence on the behalf of the defendant, and will rely on what the court said, and [its] decision."

I

The plaintiff first claims that the court improperly opened the judgment of strict foreclosure pursuant to § 49-15 (b). Before we address the merits of the plaintiff's claim, we must first determine whether this court has subject matter jurisdiction over that claim. Specifically, we must determine whether the decision appealed from is a final judgment.

"The lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. A determination regarding . . . subject matter jurisdiction is a question of law [over which we exercise plenary review]. . . . As our Supreme Court has explained: To consider the [plaintiff's] claims, we must apply the law governing our appellate jurisdiction, which is statutory. . . . The legislature has enacted General Statutes § 52-263, which limits the right of appeal to those appeals filed by aggrieved parties on issues of law from final judgments. Unless a specific right to appeal otherwise has been provided by statute, we must always determine the threshold question of whether the appeal is taken from a final judgment before considering the merits of the claim. . . . Further, we have recognized that limiting appeals to final judgments serves the important public policy of minimizing interference with and delay in the resolution of trial court proceedings." (Footnote omitted; internal quotation marks omitted.) *J & E Investment Co., LLC* v. *Athan*, 131 Conn. App. 471, 482–83, 27 A.3d 415 (2011).

"[I]t is well established that an order opening a judgment ordinarily is not a final judgment within § 52-263. . . . [Our Supreme Court], however, has recognized an exception to this rule where the appeal challenges the power of the [trial] court to act to set aside the judgment." (Citations omitted; internal quotation marks omitted.) *Solomon* v. *Keiser*, 212 Conn. 741, 746–47, 562 A.2d 524 (1989); see also *Connecticut Light & Power Co.* v. *Costle*, 179 Conn. 415, 418, 426 A.2d 1324 (1980) ("an appeal which challenges the power of the court to act

to set aside the judgment may be reviewed"). In the present case, the plaintiff challenges the authority of the court to open the judgment of strict foreclosure. Accordingly, this court has jurisdiction over the plaintiff's claim.

We now turn to the merits of the plaintiff's claim that the court improperly opened the judgment of strict foreclosure pursuant to § 49-15 (b).[3] The plaintiff argues that § 49-15 (b) limits the court to setting new law days and does not automatically open the judgment in its entirety. The defendant, on the other hand, argues that § 49-15 (b) automatically opens the entire judgment. We need not decide whether § 49-15 (b) opens the judgment in its entirety because we conclude that the court made the necessary findings for the judgment to be properly opened under § 49-15 (a) (1).

Section 49-15 (a) (1) provides in relevant part: "Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the judgment, upon the written motion of any person having an interest in the judgment and for cause shown, be opened and modified, notwithstanding the limitation imposed by [General Statutes §] 52-212a . . . provided no such judgment shall be opened after the title has become absolute in any encumbrancer . . . ." This section, then, permits the court, in its discretion, upon a finding of cause shown, to open and modify a judgment of strict foreclosure upon the motion of the mortgagor at any time after judgment has been rendered, so long as the law days have not passed. Once the law days have passed, the mortgagee holds absolute title to the property and the judgment of strict foreclosure cannot be opened or modified. But see *Highgate Condominium Assn., Inc.,* v. *Miller*, 129 Conn. App. 429, 434–35, 21 A.3d 853 (2011) (discussing exceptions).

The defendant filed her motion to open the judgment of strict foreclosure on January 25, 2014, more than one year after the initial law day scheduled on May 1, 2012. Following the dismissal of the defendant's bankruptcy petitions, which operated as an automatic stay of the judgment of strict foreclosure, the trial court did not set new law days. Thus, when the defendant filed the motion to open the judgment of strict foreclosure in January, 2014, the law days had not passed and the plaintiff did not hold absolute title to the property.

Section 49-15 (a) (1) also requires the court to make a finding of "cause shown" in order to open the judgment. Because the court did not specifically consider § 49-15 (a) (1) when it deemed the foreclosure judgment to be open, it did not make a specific finding of cause shown for the purposes of that section. We nevertheless affirm the court's ruling opening the judgment of strict foreclosure because we conclude that the court made the necessary findings to open the judgment for cause shown pursuant to § 49-15 (a) (1) when it found "good cause"

to set aside the default entered against the defendant pursuant to Practice Book § 17-42.

Practice Book § 17-42 states that "[a] motion to set aside a default where no judgment has been rendered may be granted by the judicial authority for good cause shown upon such terms as it may impose." The court found good cause to set aside the default entered against the defendant when it found that the defendant had raised viable defenses and that there would be no prejudice to the plaintiff if the default were opened. The court also found that the defendant had not been negligent in her defense of the foreclosure action. See *Percy* v. *Lamar Central Outdoor, LLC*, 147 Conn. App. 815, 819, 83 A.3d 1212 (in exercising discretion to open judgment rendered after default pursuant to Practice Book § 17-42, "the trial court may consider not only the presence of mistake, accident, inadvertence, misfortune or other reasonable cause . . . factors such as [t]he seriousness of the default, its duration, the reasons for it and the degree of contumacy involved . . . but also, the totality of the circumstances, including whether the delay has caused prejudice to the nondefaulting party" [internal quotation marks omitted]), cert. denied, 311 Conn. 932, 87 A.3d 580 (2014). We conclude that these findings were sufficient for the court to have also found "cause shown" for the purposes of § 49-15 (a) (1). See *Hartford Federal Savings & Loan Assn.* v. *Stage Harbor Corp.*, 181 Conn. 141, 143–44, 434 A.2d 341 (1980) (whether defendant was negligent in failing to present defense to foreclosure action is relevant factor in trial court's decision to open judgment under § 49-15 [a] [1]); *Centerbank* v. *Connell*, 29 Conn. App. 508, 511, 616 A.2d 282 (1992) (injury to mortgagee if judgment is opened is relevant factor in trial court's decision to open judgment under § 49-15 [a] [1]). Accordingly, the court's ruling opening the judgment of strict foreclosure was not improper.

II

The plaintiff next claims that the court improperly set aside the default entered against the defendant for failure to plead. Because the court's ruling setting aside the default was interlocutory, the plaintiff has not presented a final judgment for the purposes of appeal. Accordingly, we dismiss this claim.

This court may only consider claims on appeal from final judgments. *J & E Investment Co., LLC* v. *Athan*, supra, 131 Conn. App. 482. As we have previously explained, the court properly opened the judgment of strict foreclosure rendered in favor of the plaintiff. Once the judgment was opened, it was no longer final. The court then had to decide whether to set aside the default entered against the defendant. "A default is not a judgment. It is an order of the court the effect of which is to preclude the defendant from making any further defense in the case so far as liability is concerned."

*Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 33, 82 A.2d 146 (1951). In setting aside the default, the court permitted the defendant to file an answer and any special defenses and, in fact, instructed her to do so. The court's ruling setting aside the default was interlocutory, as it did not result in a final judgment, and therefore we may not review it at this time.

The judgment is affirmed with respect to the court's ruling opening the judgment of strict foreclosure and the case is remanded for further proceedings according to law. The remainder of the plaintiff's appeal is dismissed.

In this opinion the other judges concurred.

[1] The plaintiff filed a corrected complaint, pursuant to court order, on June 14, 2011. The court ordered the plaintiff to file the corrected complaint when it granted the plaintiff's motion to correct its party name. The only changes in the corrected complaint were to the plaintiff's party name. All other factual allegations and requests for relief remained the same.

[2] General Statutes § 49-15 (b) provides in relevant part: "Upon the filing of a bankruptcy petition by a mortgagor . . . any judgment against the mortgagor foreclosing the title to real estate by strict foreclosure shall be opened automatically without action by any party or the court, provided, the provisions of such judgment, other than the establishment of law days, shall not be set aside under this subsection, provided no such judgment shall be opened after the title has become absolute in any encumbrancer or the mortgagee, or any person claiming under such encumbrancer or mortgagee. . . ."

[3] The General Assembly enacted § 49-15 (b) in response to the decision of the United States Court of Appeals for the Second Circuit in *In re Canney*, 284 F.3d 362, 366–67 (2002), which involved a bankruptcy stay. See 45 H.R. Proc., Pt. 13, 2002 Sess., p. 4158, remarks of Representative William A. Hamzy.