ESSEX SAVINGS BANK *v.* MARTIN FRIMBERGER ET AL.
(9912)

NORCOTT, HEIMAN and CRETELLA, Js.

Argued September 24—decision released October 22, 1991

*John T. O'Reilly,* pro se, the appellant (defendant).
*John S. Bennett,* for the appellee (plaintiff).

PER CURIAM. The defendant John T. O'Reilly appeals following the trial court's entry of a summary judgment against him on the plaintiff's complaint and on his special defenses.

In its complaint, the plaintiff sought foreclosure of a real estate mortgage and other relief, including a deficiency judgment. In its judgment, the trial court decreed that the "case may proceed on the other issues as provided by law." The trial court has yet to determine the amount of the debt, the attorney's fees, or even whether the foreclosure shall be strict or by sale.

The record before us gives no indication as to why the proceedings were not completed by resolving the issues of the debt, the attorney's fees, the type of foreclosure, and the amount of any deficiency judgment. The plaintiff still presses its claim for foreclosure. This situation is analogous to one in which a judgment has been rendered only on the issue of liability, without resolving the issue of damages. Such a judgment is

interlocutory in nature and is not a final judgment from which an appeal lies. *Pinnix* v. *LaMorte,* 182 Conn. 342, 343, 438 A.2d 102 (1980). Furthermore, the interlocutory judgment in this case does not fall within either of the narrowly defined exceptions to the general rule that prohibits appeals from judgments that are not final. See *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983).

The lack of a final judgment is a jurisdictional defect that requires that we dismiss the appeal. *Stroiney* v. *Crescent Lake Tax District,* 197 Conn. 82, 86, 495 A.2d 1063 (1985); *Gores* v. *Rosenthal,* 148 Conn. 218, 221, 169 A.2d 639 (1961). Even an express agreement by the parties cannot confer jurisdiction on this court. *State* v. *Curcio,* supra, 30. Therefore, even though the appellee failed to bring the issue of finality to our attention, either by motion or in its brief or at oral argument, we must, nonetheless, act sua sponte.

The appeal is dismissed, sua sponte, for lack of a final judgment.