## OCI MORTGAGE CORPORATION *v.* CAROLE N. MARCHESE ET AL.
## (AC 18111)

Foti, Spear and Hennessy, Js.

Considered April 1—officially released May 26, 1998

*Matthew B. Woods,* in support of the motion.

*Opinion*

SPEAR, J. The defendant property owners in this foreclosure action appeal from the trial court's order sustaining the plaintiff's objection to the acceptance of the attorney trial referee's report. The plaintiff has moved to dismiss the appeal on the ground that the

trial court's order is not a final judgment. We agree and grant the motion.

The defendants Carole N. Marchese and Anthony Marchese (defendants) executed a promissory note in the amount of $220,000, payable to Community Federal Savings and Loan Association (CFSLA), and secured by a mortgage on property that the defendants owned in Southport. While the note was still outstanding, the defendant Carole N. Marchese lent CFSLA $900,000 pursuant to a subordinated debenture agreement. Thereafter, Carole N. Marchese and CFSLA agreed that the defendants' mortgage note would be paid by applying CFSLA's interest payments on the debenture to the defendants' monthly mortgage payments.

In October, 1989, CFSLA defaulted on its interest payments. Subsequently, the defendants formally demanded full payment on the debenture and informed CFSLA of their intention to exercise their right to set off the mortgage. By December, 1989, however, CFSLA was declared insolvent and the Resolution Trust Corporation (RTC) was appointed as its receiver in bankruptcy. The RTC assigned the defendants' mortgage and loan documents to Fairfield Affiliates, the original plaintiff here. Fairfield Affiliates then assigned the defendants' note and mortgage to OCI Mortgage Corporation (OCI) and OCI was substituted as the plaintiff.

The trial court referred the case to an attorney trial referee. After the trial concluded, the attorney trial referee filed her report, in which she recommended that judgment enter in favor of the defendants. Specifically, the attorney trial referee found that the RTC knew about the subsequent agreements between CFSLA and the defendants, and that "[a]ll subsequent assignees of the [defendants'] mortgage note . . . including the plaintiff, OCI, accepted assignment of the note with notice

of the $900,000 debt owed to the defendants, as well as the defendant's claim of set-off and payment."

The plaintiff moved to correct various portions of the attorney trial referee's report. The attorney trial referee, however, denied the majority of the plaintiff's requests. The plaintiff then filed exceptions to the attorney trial referee's report, as well as an objection to the acceptance of the report.

The trial court sustained the plaintiff's objection to the acceptance of the attorney trial referee's report. The court ruled that, pursuant to 12 U.S.C. § 1823 (e), the RTC is entitled to the same protection as the Federal Deposit Insurance Corporation (FDIC). According to 12 U.S.C. § 1823 (e), "[n]o agreement which tends to diminish or defeat the interest of the [FDIC] in any asset acquired by it . . . as receiver of any depository institution, shall be valid against the [FDIC] unless such agreement . . . (A) is in writing [and] (B) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with acquisition of the asset by the depository institution." The court concluded that because the execution of the defendants' mortgage and the execution of the subordinated debenture agreement were not contemporaneous, the subordinated debenture agreement was not valid against the RTC, and, therefore, it was not valid against the RTC's assignees. The trial court remanded the case to the attorney trial referee, directing the referee to "proceed in a manner not inconsistent with" the trial court's memorandum of decision. This appeal followed.[1]

It is well established that consent of the parties is required to refer a case to an attorney trial referee. *Seal*

---

[1] Prior to the defendants' appeal, the plaintiff filed a motion for judgment of strict foreclosure. To date, the trial court has not acted on the plaintiff's motion.

*Audio, Inc.* v. *Bozak, Inc.*, 199 Conn. 496, 515, 508 A.2d 415 (1986). Once the parties consent to the use of an attorney trial referee, however, it is implicit that the parties must then submit to the entire process set forth in Practice Book (1998 Rev.) §§ 19-1 through 19-18. A party cannot later opt out of the process should the attorney trial referee's report prove to be unfavorable. Only the trial court can abort the process by revoking the referral to the attorney trial referee. Practice Book (1998 Rev.) § 19-17 (a);[2] see *Kolenberg* v. *Board of Education*, 206 Conn. 113, 116, 536 A.2d 577, cert. denied, 487 U.S. 1236, 108 S. Ct. 2903, 101 L. Ed. 2d 935 (1988).

Practice Book (1998 Rev.) §§ 19-12 through 19-14, however, allow a party to attack a trial referee's unfavorable report by filing (1) a motion to correct, (2) exceptions seeking corrections by the court and (3) an objection to the acceptance of a trial referee's report. The sole issue before us now is whether a trial court's order sustaining an objection to the acceptance of a trial referee's report is a final judgment from which the defendants may appeal.

In support of their claim that the rejection of an attorney trial referee's report is a final judgment, the defendants rely on *In re Application of Clinton Oyster Ground Committee*, 52 Conn. 5 (1884). In that case, a committee was appointed to ascertain the boundaries of the natural oyster, clam and mussel beds in Clinton. The committee provided a report on the matter, which the court later rejected. An appeal was taken from the

---

[2] Practice Book (1998 Rev.) § 19-17 (a) provides: "The court shall render such judgment as the law requires upon the facts in the report as it may be corrected. If the court finds that the committee has materially erred in its rulings or that by reason of material corrections in its findings the basis of the report is subverted or that there are other sufficient reasons why the report should not be accepted, the court shall reject the report and refer the matter to the same or another committee for a new trial or revoke the reference and leave the case to be disposed of in court."

court's rejection of the report and our Supreme Court heard the appeal. The plaintiff's reliance on this case is misplaced, however, because the Supreme Court noted that "[i]n ordinary cases the rejection of the report of a committee is not a final judgment from which an appeal lies. This case however is exceptional. No judgment is to be rendered on the report. When accepted, the report itself becomes practically the final judgment. If rejected, there is no judgment, such as the proceedings contemplate, and the case goes to another committee." Id., 6. The case before us does not fall into this exceptional category.

A party cannot appeal from a trial court order sustaining an objection to an attorney trial referee's report, but rather must appeal from the *judgment* that is rendered thereon. See General Statutes § 52-263; Practice Book (1998 Rev.) § 61-1; *Schmaling* v. *Schmaling*, 48 Conn. App. 1, 707 A.2d 339, cert. denied, 244 Conn. 929, 711 A.2d 727 (1998). Here, the trial court has not yet rendered judgment. It has simply remanded the case to the attorney trial referee for further proceedings. Accordingly, there is no judgment from which the defendants may appeal.

The defendants further assert that the rejection of the attorney trial referee's report is a final judgment under *State* v. *Curcio*, 191 Conn. 27, 463 A.2d 566 (1983). Specifically, the defendants argue that the trial court's order concluded the parties' rights and thereby "constituted a judgment in all but name." In *Curcio*, our Supreme Court held that "[a]n otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." Id., 31, citing *State* v. *Bell*, 179 Conn. 98, 99, 425 A.2d 574 (1979). Here, the first prong of *Curcio* is not applicable because the attorney trial

referee process does not constitute a separate and distinct proceeding. As for the second prong of *Curcio*, the court's order did not so conclude the rights of the parties that further proceedings cannot affect them. The proceeding is ongoing, and the type of foreclosure, the amount of the debt and the attorney's fees are to be determined. See *Essex Savings Bank* v. *Frimberger*, 26 Conn. App. 80, 597 A.2d 1289 (1991).

The appeal is dismissed for lack of a final judgment.

In this opinion the other judges concurred.