RONALD CLUKEY *v.* WILLIAM J. SWEENEY ET AL.
(AC 29221)

Flynn, C. J., and DiPentima and Peters, Js.

Argued October 29, 2008—officially released February 10, 2009

*William F. Gallagher*, with whom, on the brief, was *Hugh D. Hughes*, for the appellants (named defendant et al.).

*John-Henry M. Steele*, for the appellee (plaintiff).

*Opinion*

PETERS, J. The doctrine of collateral estoppel, or issue preclusion, "prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties or those in privity with them upon a different claim." (Internal quotation marks omitted.) *Powell* v. *Infinity Ins. Co.*, 282 Conn. 594, 600, 922 A.2d 1073 (2007). Relying on a prior lawsuit that established that there was no attorney-client relationship between the plaintiff and

the defendant attorney, the defendant moved for summary judgment on several of the plaintiff's common-law and statutory claims for relief. Because the prior action did not result in a definitive determination of the exact nature of the relationship between the parties, the trial court held the doctrine of collateral estoppel to be inapplicable and denied the defendant's motion. The defendant has appealed.[1] We affirm the decision of the court.

On March 7, 2007, the plaintiff, Ronald Clukey, filed a fourteen count amended complaint against a number of defendants, including his brothers, a medical group called Multicare Physicians & Rehabilitation Group, P.C. (Multicare Physicians), and the defendants in this appeal, William J. Sweeney and his law firm of Sweeney & Griffen.[2] The plaintiff alleged that, although the defendant knew that he and his brothers had agreed to share both the attorney's fees and the proceeds of a lawsuit brought by Multicare Physicians against a former employee named Kurt Marschner (Marschner lawsuit), the defendant failed to ensure the plaintiff's receipt of one third of the value of a settlement with Marschner. The defendant moved for summary judgment on the ground of collateral estoppel because, in another action brought by Multicare Physicians, the Superior Court had found that there was no attorney-client relationship between the defendant and the plaintiff. The trial court denied the defendant's motion, and he has appealed.

---

[1] The denial of a motion for summary judgment based on a claim of collateral estoppel is appealable immediately because such a claim is "a civil law analogue to the criminal law's defense of double jeopardy . . . ." *Convalescent Center of Bloomfield, Inc.* v. *Dept. of Income Maintenance,* 208 Conn. 187, 195, 544 A.2d 604 (1988).

[2] The defendants William J. Sweeney, an attorney, and his law firm, Sweeney & Griffen, have appealed from the denial of their motion for summary judgment. For convenience, we refer in this opinion to attorney Sweeney and Sweeney & Griffen in the singular as the defendant.

Many of the facts underlying the plaintiff's complaint and the defendant's motion for summary judgment are undisputed. Until June 30, 2004, the plaintiff and his two brothers were the officers and directors of Multicare Physicians. In 2002, Multicare Physicians engaged the defendant to enforce a noncompete clause in its employment contract with Marschner. In 2006, this litigation was settled without the distribution of any of the settlement proceeds to the plaintiff.

After leaving Multicare Physicians, the plaintiff founded another corporation, Multicare Medical Center, P.C. (Multicare Medical), which hired former Multicare Physicians employee Michael Wong. Multicare Physicians again retained the defendant, this time to enforce the noncompete clause in its employment contract with Wong (Wong lawsuit). The plaintiff and Wong sought to disqualify the defendant from representing Multicare Physicians in the Wong lawsuit.[3] In their view, the defendant had a conflict of interest because of his alleged representation of the plaintiff and Multicare Physicians in the Marschner lawsuit at a time when the plaintiff was still an officer of Multicare Physicians. At the disqualification hearing, however, the plaintiff acknowledged that he never had a fee agreement with the defendant and that the defendant never represented him personally in any manner. The court, *Blue, J.*, denied the motion for disqualification, having found that no attorney-client relationship existed between the plaintiff and the defendant in the Marschner lawsuit, and noting the applicability of rule 1.13a of the Rules of Professional Conduct, pursuant to which a lawyer retained by an organization represents only the organization and not its constituent members.

---

[3] In a letter to the defendant on the eve of the hearing before the court, *Blue, J.*, on the motion to disqualify, the plaintiff stated that he had a concrete personal interest in the noncompete litigation between Multicare Physicians and Marschner and that "you represent my interests."

Taking note of Judge Blue's observation in the Wong lawsuit that the exact nature of the relationship between the parties had not yet been fully and fairly litigated, the court in the present case was not persuaded that the Wong ruling required it to grant the defendant's motion for summary judgment. More specifically, the court found that "there are genuine issues of material fact in existence regarding whether or not an enforceable contract was formed between the parties." The defendant has appealed.

A well established standard of review governs our consideration of a trial court's ruling on a motion for summary judgment. "[T]he trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court." (Internal quotation marks omitted.) *Mortgage Electronic Registration Systems, Inc.* v. *White*, 278 Conn. 219, 226, 896 A.2d 797 (2006). In particular, the applicability of the doctrine of collateral estoppel presents a question of law that is subject to de novo review on appeal. *Powell* v. *Infinity Ins. Co.*, supra, 282 Conn. 601.

In this appeal, the defendant argues that the court's denial of his motion for summary judgment should be reversed on three grounds. He contends that (1) the doctrine of collateral estoppel bars the plaintiff's complaint in its entirety, (2) there are no genuine issues of material fact regarding the plaintiff's claims for breach of fiduciary duty, breach of contract, unjust enrichment or breach of the covenant of good faith and fair dealing, and (3) the plaintiff's claim is unsustainable under the

Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., because it lacks allegations relating to the entrepreneurial aspects of the practice of law. We disagree with the first claim. Assuming that we have jurisdiction to reach the other two claims, we disagree with them as well.

I

## COLLATERAL ESTOPPEL

The defendant's principal contention in this appeal is that, as a result of Judge Blue's decision in the Wong lawsuit, the doctrine of collateral estoppel required the court to bar the plaintiff from relitigating the nature of his relationship with the defendant with respect to the Marschner lawsuit. The defendant contends in this court, as he did before the trial court, that every count in the plaintiff's complaint requires proof of the existence of an attorney-client relationship and that the plaintiff no longer is entitled to pursue that claim. We agree with the court that the plaintiff's complaint need not be read so narrowly at this stage in the proceedings.

As the court noted at the outset of its discussion of the defendant's motion, "collateral estoppel, or issue preclusion . . . prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties or those in privity with them upon a different claim. . . . An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered. F. James & G. Hazard, Civil Procedure (3d Ed. 1985) § 11.19." (Citations omitted; internal quotation marks omitted.) *Efthimiou* v. *Smith*, 268 Conn. 499, 506–507, 846 A.2d 222 (2004).

As the court also noted, however, our Supreme Court has urged caution in the application of collateral estoppel because it "has dramatic consequences for the party against whom the doctrine is applied." *Gladysz* v. *Planning & Zoning Commission*, 256 Conn. 249, 261, 773 A.2d 300 (2001). One of the cautionary factors that the Supreme Court advised trial courts to consider is "whether the opportunity to litigate the claim or issue differs as between the two forums . . . ." *Cumberland Farms, Inc.* v. *Groton*, 262 Conn. 45, 61, 808 A.2d 1107 (2002).

In the present case, the court reasonably declined to give preclusive effect to Judge Blue's ruling in the Wong lawsuit that no attorney-client relationship existed between the plaintiff and the defendant in the Marschner lawsuit. The court found it significant that Judge Blue expressly had *declined* to undertake a judicial determination of "what the exact nature of the relationship [between the plaintiff and the defendant] was."[4] That is precisely the issue in *this* case. Accordingly, we affirm the court's refusal to grant the defendant's motion for summary judgment on the ground of collateral estoppel.

II

ISSUES OF MATERIAL FACT

The defendant's second argument for reversal of the denial of his motion for summary judgment is based on the familiar proposition that summary judgment must be granted in the absence of disputed questions of material fact. *Mortgage Electronic Registration Systems, Inc.* v. *White*, supra, 278 Conn. 226. Even if the trial court properly declined to hold that the plaintiff

---

[4] Indeed, in the Wong lawsuit, Judge Blue observed that "attorney Sweeney has—has some association—it may not rise to the level of representation, but some association with Dr. Clukey [the present plaintiff] in the Marschner case."

was collaterally estopped from pursuing his complaint in its entirety, the defendant maintains that each of the counts of the plaintiff's complaint impliedly requires proof of facts that are at variance with the findings of Judge Blue in the Wong lawsuit. We disagree.

### A

Before addressing the merits of the defendant's arguments, we must decide whether we have jurisdiction to consider them. The denial of a motion for summary judgment is not, ordinarily, an appealable final judgment. *Chadha* v. *Charlotte Hungerford Hospital*, 272 Conn. 776, 783, 865 A.2d 1163 (2005). Our Supreme Court has held, however, that, in some circumstances, the factual and legal issues raised by a legal argument, the appealability of which is doubtful, may be so "inextricably intertwined" with another argument, the appealability of which is established that we should assume jurisdiction over both. *Collins* v. *Anthem Health Plans, Inc.*, 266 Conn. 12, 29, 836 A.2d 1124 (2003).

*Collins* is particularly instructive in this case because the defendant's answers to the relevant counts of the complaint repeatedly include a denial of any allegation that the defendant represented the plaintiff in the Marschner lawsuit. It is clear that this defense rests heavily on Judge Blue's finding that, in that litigation, the defendant was acting solely as an attorney for Multicare Physicians and not as an attorney for the plaintiff. Because this defense is related so closely to the principles underlying the doctrine of collateral estoppel, we conclude that it is appropriate for us to assume that we have jurisdiction to address its merits.

### B

As the court noted in its analysis of the defendant's motion for summary judgment, Judge Blue's determination that the defendant did not represent the plaintiff

in the Marschner lawsuit expressly left open the question of what their relationship in fact was. The defendant argues, however, that Judge Blue's finding that the defendant was representing only Multicare Physicians had direct implications for all of the plaintiff's allegations against the defendant, which the court improperly failed to take into account.

The defendant stresses the holding of our Supreme Court, in *Krawczyk* v. *Stingle*, 208 Conn. 239, 543 A.2d 733 (1988), that putative third party beneficiaries are not entitled to hold an attorney liable for negligence in the execution of a will. In that case, the court emphasized that "[d]etermining when attorneys should be held liable to parties with whom they are not in privity is a question of public policy. . . . A central dimension of the attorney-client relationship is the attorney's duty of [e]ntire devotion to the interest of the client. . . . This obligation would be undermined were an attorney to be held liable to third parties." (Citations omitted; internal quotation marks omitted.) Id., 245–46. *Krawczyk*, however, does not address the consequences of an express or implied agreement between the attorney and a third party such as the present plaintiff.

The defendant's reliance on rule 1.15 (e) of the Rules of Professional Conduct is similarly unpersuasive. That rule provides that "[u]pon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law *or by agreement with the client or third person*, a lawyer shall promptly deliver to the client or third person any funds or other property that *the client or third person* is entitled to receive and, upon request by *the client or third person*, shall promptly render a full accounting regarding such property." (Emphasis added.) On its face, the rule does not prohibit the dispersal of settlement funds in accordance with an

"agreement with the client or third person . . . ." Under the circumstances of the present case, a motion for summary judgment is not the proper vehicle for a judicial determination of the kind of agreement that this rule requires a lawyer to consider for the proper disbursement of funds.

### C

In addition to the defendant's contention that the plaintiff's complaint, insofar as it is addressed to him, is unsustainable in its entirety, he asks that we review separately the merits of each of the relevant counts contained therein. We note, however, that the court's memorandum of decision denied the defendant's motion for summary judgment only with respect to (1) the contract theories advanced by the plaintiff and (2) the plaintiff's CUTPA claim. Because the defendant has opted to appeal without obtaining further clarification from the court about the relationship between its memorandum of decision and its unconditional denial of his motion for summary judgment in the judgment file, we confine our review to the issues addressed by the court.

The court denied the defendant's motion for summary judgment with respect to the contract theories advanced by the plaintiff because, in its view, the plaintiff's pleadings raised genuine issues of material fact with respect to the existence of an enforceable contract between the parties. The court took note of allegations in the plaintiff's complaint that (1) after the plaintiff left Multicare Physicians, the defendant continued to bill the plaintiff for one third of the costs and attorney's fees incurred in the litigation, (2) the plaintiff paid said bills and (3) the defendant invited the plaintiff to attend a settlement conference in the Marschner litigation that took place at the defendant's office on December 8, 2005.

In his appeal from the court's ruling, the defendant again focuses on the hearing in the Wong litigation. He maintains that the plaintiff's concession, at that hearing, that no attorney-client relationship existed between him and the defendant in the Marschner lawsuit, precludes the plaintiff's claim of a contractual relationship of any kind. We do not agree. The implications of that concession warrant further factual exploration at trial. On the one hand, both rule 1.8 (f) of the Rules of Professional Conduct and § 134 (1) of the Restatement (Third) of the Law Governing Lawyers (2000) permit lawyers to accept compensation for representing a client from third parties. See also 1 G. Hazard & W. Hodes, The Law of Lawyering (3d Ed. Sup. 2004) §§ 10.6, 12.13. On the other hand, lawyers also may "owe personal loyalties and some legal duties to persons who are *not* their clients . . . ." (Emphasis in original.) Id., §10.1. Significantly, the defendant has not alleged that, at the time when he billed the plaintiff and invited the plaintiff to participate in the settlement conference, he was unaware of the fact that the plaintiff had left Multicare Physicians. On the record before us, therefore, we agree with the court's conclusion that the defendant has not established that, as a matter of law, his alleged contractual relationship with the plaintiff necessarily impaired the defendant's professional obligations to Multicare Physicians.

The trial court's ruling on the plaintiff's claim of an unfair trade practice under CUTPA stands on a different footing. The court *agreed* with the defendant that, as drafted, "the CUTPA count is legally insufficient." Taking into account the plaintiff's pending motion to amend his pleadings, however, the court held that the defendant had "failed to prove that the plaintiff actually will be unable to cure said defect."

To succeed in his appeal on this issue, the defendant must establish that there is no possibility whatsoever

of an amendment to the plaintiff's pleadings to include allegations of entrepreneurial misconduct on his part. Although the trial court recognized that the likelihood of a successful amendment was slim, there is something to the old adage of "never say never." Because, as we have held, the plaintiff is entitled to pursue his contract claims at trial, it seems pointless to deny him the opportunity to allege a proper CUTPA claim as well.

The judgment is affirmed.

In this opinion the other judges concurred.