JP MORGAN CHASE BANK, N.A. *v.* ANN C. ZUBRETSKY ET AL.
(AC 31573)

Lavine, Robinson and West, Js.

Argued March 23—officially released July 12, 2011

*Gary J. Greene*, with whom was *S. Zaid Hassan*, for the appellant (defendant).

*Michael G. Albano*, for the appellee (defendant The Cadle Company).

*Opinion*

LAVINE, J. In this foreclosure action, the defendant Ann C. Zubretsky appeals from the judgment of the trial court denying her homestead exemption claim in which she sought to exempt $75,000 of the net proceeds from the voluntary sale of her home.[1] On appeal, the defendant claims that the court erred in (1) not conducting an evidentiary hearing on her homestead exemption

---

[1] Connecticut's homestead exemption is codified at General Statutes § 52-352b (t). Section 52-352b identifies assets that are exempt from postjudgment procedures. Subsection (t) exempts "[t]he homestead of the exemptioner to the value of seventy-five thousand dollars, or, in the case of a money judgment arising out of services provided at a hospital, to the value of one hundred twenty-five thousand dollars, provided value shall be determined as the fair market value of the real property less the amount of any statutory or consensual lien which encumbers it . . . ." General Statutes § 52-352b (t).

claim and (2) concluding that the homestead exemption is not available to protect the proceeds of a voluntary sale from a judgment lien creditor. We conclude that the trial court lacked subject matter jurisdiction to act on the defendant's homestead exemption claim and, accordingly, reverse the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The defendant mortgaged to the plaintiff, JP Morgan Chase Bank, N.A., real property located at 16 Chapman Drive in Westbrook (property). On April 24, 2009, the plaintiff initiated a foreclosure action on the property, claiming that the mortgage was in default.[2] The plaintiff also named The Cadle Company (Cadle) as a defendant, alleging that Cadle could claim a subsequent interest in the property by virtue of two judgment liens on the property in the amounts of $33,333.13 and $120,175.25.

On May 23, 2009, the defendant entered into an agreement to sell the property for $585,000. On June 11, 2009, the defendant filed a homestead exemption claim seeking to exempt up to $75,000 of the balance of the proceeds from the sale of the property from Cadle's right of recovery. Cadle opposed the defendant's homestead claim, arguing that the defendant, through a private sale, was seeking to invoke a safeguard afforded to a judgment debtor in a proceeding brought by a judgment creditor.

On July 2, 2009, the court denied the defendant's homestead exemption claim. On July 14, 2009, the defendant filed a motion for articulation and reargument of the court's July 2, 2009 order. The court granted the defendant's motion, and, on September 2, 2009, the

---

[2] Specifically, the plaintiff claimed an interest in the property by virtue of a mortgage in the amount of $194,250, which was recorded on the Westbrook land records on April 10, 2001, and a second mortgage in the amount of $261,500, which was recorded on June 24, 2004.

court heard reargument on the defendant's homestead exemption claim.

On September 9, 2009, the defendant sold the property and satisfied the two mortgages held by the plaintiff. To effectuate the sale of the property, Cadle agreed to release its two liens and entered into an escrow agreement with the defendant. After the defendant satisfied the mortgages, she had a balance of $85,522.91 from the proceeds of the sale, which was placed in escrow.

On September 16, 2009, the plaintiff withdrew the action as to all parties. On September 24, 2009, the court denied the defendant's homestead exemption claim, concluding that the homestead exemption is inapplicable to voluntary sales and foreclosure of consensual liens. This appeal followed.

The defendant claims that the court erred in not conducting an evidentiary hearing on her homestead exemption claim and in concluding that the homestead exemption is not available to protect the proceeds of a voluntary sale from a judgment lien creditor. Before we address these issues on appeal, we must first determine whether the court had subject matter jurisdiction to address the defendant's homestead exemption claim on September 24, 2009.

The parties failed to address the issue of subject matter jurisdiction in their initial briefs to this court. We, sua sponte, ordered the parties to submit supplemental briefs addressing whether the trial court had subject matter jurisdiction to issue its September 24, 2009 judgment denying the defendant's homestead exemption claim. After reviewing the arguments presented by the parties, we conclude that the trial court lacked subject matter jurisdiction to address the defendant's claim.

"We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a

question of law, our review is plenary. . . . Moreover, [i]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction. . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." (Internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 532–33, 911 A.2d 712 (2006).

After the court denied the defendant's homestead exemption claim on July 2, 2009, the defendant filed a motion for articulation and reargument. On July 30, 2009, the court granted the motion. The court heard reargument on the defendant's claim but before it issued a decision, the plaintiff withdrew the action. "Under [the] law, the effect of a withdrawal, so far as the pendency of the action is concerned, is strictly analogous to that presented after the rendition of a final judgment or the erasure of the case from the docket. . . . The court unless [the action] is restored to the docket cannot proceed with it further . . . ." (Citation omitted; internal quotation marks omitted.) *Travelers Property Casualty Co. of America* v. *Twine*, 120 Conn. App. 823, 827, 993 A.2d 470 (2010). Once the plaintiff withdrew the action, the court no longer had subject matter jurisdiction to issue a decision as to the defendant's claim.

The defendant argues that the court had subject matter jurisdiction on September 24, 2009, because, before the plaintiff withdrew the action, both she and Cadle requested that the court retain jurisdiction to rule on her homestead exemption claim. Even if motivated by a desire to resolve the dispute, the court did not have

the authority to grant this request. "[T]he parties to an action cannot confer subject matter jurisdiction on the court by their consent, silence, waiver or private agreement." (Internal quotation marks omitted.) *Lowe* v. *Lowe*, 47 Conn. App. 354, 358, 704 A.2d 236 (1997).

The judgment is reversed and the case is remanded with direction to dismiss the matter for lack of subject matter jurisdiction.

In this opinion the other judges concurred.