******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# ROCKSTONE CAPITAL, LLC *v.*JOHN SANZO ET AL.
## (AC 38176)

DiPentima, C. J., and Beach and Bishop, Js.

*Syllabus*

Pursuant to statute (§ 52-352b [t]), a homestead, owner-occupied real property used as a primary residence, is exempt from the enforcement of a money judgment up to the value of $75,000, less the amount of any consensual lien.

The plaintiff, pursuant to a forbearance agreement executed by the parties that included a waiver of the homestead exemption in § 52-352b (t), sought to foreclose judgment liens on certain of the defendants' real property after the defendants had defaulted on their mortgage payments. The plaintiff thereafter amended its complaint to seek foreclosure of the defendants' mortgage instead of the judgment liens. Following a trial, the court issued a memorandum of decision concluding that the forbearance agreement was void as against public policy in that the defendants had a right as a matter of law to file a claim for a homestead exemption, and the plaintiff could not foreclose on the mortgage. The court then rendered judgment for the plaintiff on the judgment liens. The plaintiff appealed to this court claiming that the trial court improperly denied the foreclosure of its mortgage, which was a consensual lien, and allowed the defendants to assert the homestead exemption to its judgment liens that were no longer part of the mortgage foreclosure action. The defendants cross appealed, claiming that the court erred in rendering a judgment of foreclosure on the judgment liens because the plaintiff amended its complaint to seek foreclosure solely on the mortgage. *Held*:

1. The court's judgment denying the plaintiff's request for foreclosure on the mortgage constituted an appealable final judgment, giving the court jurisdiction over the plaintiff's appeal; although the court failed to determine the amount of debt and the method of foreclosing on the judgment liens, it determined that the forbearance agreement was void and refused to render judgment of foreclosure on the mortgage, thus denying the relief requested in the plaintiff's operative complaint.

2. The trial court improperly denied the foreclosure of the plaintiff's mortgage: as the mortgage was a consensual lien in that the defendants provided it to secure their obligations under the forbearance agreement in exchange for the plaintiff's agreement to forbear collection activities on the judgment liens as long as the defendants complied, the homestead exemption did not apply pursuant to § 52-352b (t); furthermore, the trial court erred in relying on the homestead exemption waiver to determine that the mortgage was void as against public policy because the plaintiff was not relying on the waiver of the homestead exemption in the mortgage, but rather, § 52-352b (t) expressly provides that the homestead exemption is not applicable to consensual liens, which included the mortgage here.

3. The court's judgment foreclosing on the judgment liens constituted an appealable final judgment, giving the court jurisdiction over the defendants' cross appeal; the claim raised in the cross appeal was inextricably intertwined with the claim raised in the plaintiff's appeal, as both parties contended that the court erred in rendering a judgment of foreclosure on the judgment liens since the operative complaint did not seek that relief.

4. The trial court improperly rendered a judgment of foreclosure on the judgment liens in favor of the plaintiff because the plaintiff amended its complaint to seek to foreclosure solely on the mortgage and the judgment liens claim was no longer in the plaintiff's operative complaint; because an amended complaint operates as a withdrawal of an original complaint, neither party pleaded, briefed or argued that the trial court should render judgment of foreclosure on the judgment liens.

Argued March 16—officially released August 22 2017

*Procedural History*

Action to foreclose judgment liens on certain real property owned by the named defendant et al., and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the named defendant et al. were defaulted for failure to plead; thereafter, the defendant The Housatonic Lumber Company was defaulted for failure to plead; subsequently, the court, *Hon. Michael Hartmere*, judge trial referee, granted the plaintiff's request to file an amended complaint; thereafter, the matter was tried to the court, *Hon. Richard P. Gilardi*, judge trial referee; judgment in part for the plaintiff, from which the plaintiff appealed and the named defendant et al. cross appealed to this court; subsequently, the court, *Hon. Richard P. Gilardi*, judge trial referee, issued an articulation of its decision. *Reversed*; *further proceedings*.

*Houston P. Lowry*, with whom, on the brief, were *Craig S. Taschner* and *Dale M. Clayton*, for the appellant-appellee (plaintiff).

*Matthew K. Beatman*, with whom, on the brief, was *John L. Cesaroni*, for the appellees-appellants (named defendant et al.).

*Opinion*

DiPENTIMA, C. J. The plaintiff, Rockstone Capital, LLC, appeals and the defendants, John Sanzo and Maria Sanzo,[1] cross appeal from the judgment of the trial court. On appeal, the plaintiff claims that the trial court erred in not foreclosing its mortgage on the defendants' property and in applying the homestead exemption to its judgment liens, for which foreclosure was not sought. In their cross appeal, in part agreeing with the plaintiff, the defendants claim that the trial court erred in entering a judgment of foreclosure in favor of the plaintiff as to the judgment liens. As to the plaintiff's appeal, we reverse the judgment of the trial court that determined that the mortgage was void as against public policy and remand the matter for further proceedings in accordance with law. We also reverse the judgment of the trial court with respect to the defendants' cross appeal.

The trial court decided this case in part on the following stipulated facts. "The defendants are individuals with their primary residence located at 59 Crossbow Lane in Monroe . . . ([property]). On or about June 21, 2000, Fleet National Bank (Fleet) commenced an action against the defendants and, on August 9, 2000, Fleet obtained a judgment in the amount of $103,535.57 plus costs of $274.40 and lawful interest. Thereafter, on April 19, 2001, Fleet recorded two judgment liens on the [property] against each of the defendants.

"On October 23, 2007, the successor to Fleet, Bank of America, assigned all of its interest in the judgment to the plaintiff. Thus, the plaintiff is the current holder and owner of the judgment and of the liens against the [property]."

On February 28, 2008, after the defendants had defaulted on their payments, the plaintiff commenced this action to foreclose the judgment liens on the property. Thereafter, on April 26, 2009, the parties entered into a forbearance agreement. The forbearance agreement provided that the defendants would pay additional interest and fees as well as the amount of the judgment liens over a period of time in exchange for the plaintiff's agreement to refrain from collection activities. The forbearance agreement also provided that a mortgage would be placed on the defendants' property, securing the defendants' obligations under the forbearance agreement. The agreement further provided that the plaintiff would refrain from continuing its action for foreclosure on the judgment liens as long as the defendants strictly complied with the modified payment schedule.[2]

After the defendants failed to make certain payments under the forbearance agreement, the plaintiff proceeded with its foreclosure action on the judgment liens. Thereafter, the plaintiff requested permission to

amend its complaint to foreclose on the mortgage instead of the judgment liens. On May 13, 2014, the defendants filed an objection to the plaintiff's request for leave to amend its complaint.

On May 15, 2014, the trial court, *Hon. Michael Hartmere*, judge trial referee, issued an order granting the plaintiff's request to amend its complaint. At that time, the court also issued an order overruling the defendants' objection to the plaintiff's request for leave to amend its complaint. The plaintiff's amended complaint sought a strict foreclosure of the mortgage and not the judgment liens, hereinafter referred to as the operative complaint. The defendants then filed an answer to the operative complaint and, by way of special defense, claimed that the mortgage was void as against public policy because the forbearance agreement amounted to a waiver of the homestead exemption set forth in General Statutes § 52-352b (t).[3]

On December 12, 2014, the trial court, *Hon. Richard P. Gilardi*, judge trial referee, concluded that the forbearance agreement was valid and rendered a judgment of foreclosure. Both parties moved to reargue and reconsider that ruling. On July 15, 2015, the trial court issued a corrected memorandum of decision concluding that the forbearance agreement was void as against public policy such that the plaintiff could not foreclose on the mortgage. The court also concluded that the defendants had a right as a matter of law to file a claim for a homestead exemption and rendered judgment for the plaintiff on the judgment liens. It did not determine the amount of the debt and whether foreclosure of the judgment liens would be by strict foreclosure or foreclosure by sale.

On July 28, 2015, the plaintiff appealed from the trial court's July 15, 2015 decision, claiming that it improperly denied the foreclosure of its mortgage in order to allow the defendants to assert the homestead exemption against its judgment liens that were not part of the mortgage foreclosure action. Shortly thereafter, on August 7, 2015, the defendants filed a cross appeal claiming that the court improperly rendered judgment on the judgment liens because the plaintiff amended its complaint to seek foreclosure solely of the mortgage.

During the pendency of this appeal, the parties were ordered to appear for a hearing before this court to give reasons, if any, as to why the appeal and cross appeal should not be dismissed for lack of a final judgment because the trial court had not yet determined the amount of debt or whether foreclosure should be strict or by sale. See *Essex Savings Bank* v. *Frimberger*, 26 Conn. App. 80, 81, 597 A.2d 1289 (1991). After that hearing, we ordered the trial court to articulate its ruling as to the following: "1. As the amended complaint sought foreclosure of the mortgage, what was the court's decision on the amended complaint? 2. On what

basis did the court hold 'judgment is entered on the judgment lien'? 3. Did the court enter judgment on both judgment lien(s)? 4. In whose favor did the trial court enter judgment on the judgment lien(s)?"

With respect to the first question, the court articulated that it "denied foreclosure of the mortgage pursuant to the foreclosure agreement because the terms of the forbearance agreement included a waiver of the homestead [exemption]." In addressing the second question, the court articulated that once it "voided the forbearance agreement and underlying mortgage, the remaining matter to be resolved involved judgment on the original judgment liens. The court, therefore, turned to the issue of whether judgment should be granted on the judgment liens." Next, in response to the third question, the court articulated that "[i]t was the court's intention to preserve the defendants' right to the homestead exemption while preserving the plaintiff's right to sue on the original judgment liens. Therefore, the court voided the forbearance agreement and the mortgage within the agreement, but entered judgment in favor of the plaintiff on both of the original judgment liens." (Footnote omitted.) Finally, with respect to the fourth question, the court articulated that it "entered judgment in favor of the plaintiff on both of the judgment liens."

In light of the trial court's articulation, this court ordered the parties to address the final judgment question in their briefs on the merits of the appeal and cross appeal.

I

THE PLAINTIFF'S APPEAL

A

We first must consider whether the court's judgment denying the request for foreclosure on the mortgage constitutes an appealable final judgment. The plaintiff claims that the court's decision is a final judgment in that it denied the relief requested in its operative complaint, namely, the foreclosure of the mortgage. The defendants argue that there was not a final judgment as the court has not determined the amount of the debt and whether foreclosure on the judgment liens should be by strict foreclosure or foreclosure by sale. We conclude that this appeal was taken from a final judgment.

We have long held that "[t]he lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. A determination regarding . . . subject matter jurisdiction is a question of law [over which we exercise plenary review]. . . . As our Supreme Court has explained: To consider the [plaintiff's] claims, we must apply the law governing our appellate jurisdiction, which is statutory. . . . The legislature has enacted General Statutes § 52-263, which limits the right of appeal to those appeals filed by

aggrieved parties on issues of law from final judgments. Unless a specific right to appeal otherwise has been provided by statute, we must always determine the threshold question of whether the appeal is taken from a final judgment before considering the merits of the claim. . . . Further, we have recognized that limiting appeals to final judgments serves the important public policy of minimizing interference with and delay in the resolution of trial court proceedings." (Footnote omitted; internal quotation marks omitted.) *J & E Investment Co., LLC* v. *Athan*, 131 Conn. App. 471, 482–83, 27 A.3d 415 (2011).

Moreover, this court previously has determined that "[a] judgment of foreclosure constitutes an appealable final judgment when the court has determined the method of foreclosure and the amount of the debt." Id., 483; see also *Essex Savings Bank* v. *Frimberger*, supra, 26 Conn. App. 80–81 (in foreclosure action, there is no appealable final judgment until court determines amount of debt and decides whether foreclosure should be strict or by sale). In *Morici* v. *Jarvie*, 137 Conn. 97, 103, 75 A.2d 47 (1950), the court noted: "Any judgment, to be adequate as such, must respond to the prayers for relief. . . . In a foreclosure action, the judgment must either find *the issues for the defendant or determine the amount of the debt, direct a foreclosure and fix the law days*." (Citations omitted; emphasis added.)

In the present case, the plaintiff argues that the court's decision is final in that it denied the relief requested in its operative complaint, namely, the foreclosure of the mortgage, in favor of the defendants. See *Morici* v. *Jarvie*, supra, 137 Conn. 103. In turn, the defendants rely on *Essex Savings Bank*, to claim that there is not a final judgment because the court has not determined the amount of the debt and the method of foreclosing on the judgment liens.

In *Essex Savings Bank*, supra, 26 Conn. App. 80, the trial court rendered summary judgment against the defendants in favor of a creditor, without determining damages pertaining to the amount of the debt or whether the foreclosure was to be strict or by sale. Id. This court, sua sponte, dismissed the appeal because we determined that a judgment rendered only on the issue of liability without resolving the issue of damages "is interlocutory in nature and is not a final judgment from which an appeal lies." Id., 80–81.

The facts of this case are distinguishable from *Essex Savings Bank*, in that the plaintiff here is challenging the court's failure to render judgment in its favor on the mortgage.[4] The court found the issues for the defendants on the operative complaint. Practice Book § 61-2 ("[w]hen judgment has been rendered on an entire complaint . . . such judgment shall constitute a final judgment."). Specifically, the trial court concluded that the forbearance agreement was void as against public

policy such that the plaintiff could not foreclose on the mortgage. Because the court denied the relief requested in the plaintiff's operative complaint, we conclude that there was a final judgment.

B

Having determined that we have jurisdiction over this appeal, we now address the merits of the plaintiff's claims. The plaintiff claims that the trial court improperly denied the foreclosure of its mortgage in order to allow the defendants to assert the homestead exemption against the judgment liens that were not part of the mortgage foreclosure action.[5] In response, the defendants argue that the mortgage is void on public policy grounds because it is a de facto waiver of the homestead exemption. We agree with the plaintiff.

The following facts and procedural history are relevant to our resolution of this claim. On July 15, 2015, the court issued a memorandum of decision and noted that "this case has a unique procedural history, in that the plaintiff has amended its complaint to take the present dispute out of the ordinary realm of the homestead exemption. The plaintiff instituted this action suing on the unpaid judgment and its attached liens. Only after the defendants filed notice that they intended to claim the homestead exemption did the plaintiff amend its complaint to sue on the forbearance agreement instead. The calculated steps taken by the plaintiff demonstrate that the progression of this action has been to get around the homestead exemption. Had the plaintiff continued to sue on the judgment liens, there would be no question that the homestead exemption applied. It would be an absurd result if the court were to validate the waiver under these set of facts since it appears the purpose of amending the complaint was to evade the goal the legislature sought to achieve when passing the homestead exemption. Given the potential annihilation of [General Statutes] § 52-352b (t) and the plaintiff's attempts to avoid the homestead exemption that our legislature deemed necessary, this court finds the waiver of the homestead exemption, incorporated by reference into the forbearance agreement is void, and against public policy. . . . For all the aforementioned reasons, the court finds that the entire forbearance agreement is void. The defendants have a right as a matter of law to file a claim for a [h]omestead exemption, and, accordingly, judgment is entered on the judgment lien."

In response to our request for articulation, the trial court stated that it "determined that the entire forbearance agreement including the mortgage created by the forbearance agreement was void as against public policy, because it resulted in a waiver of the homestead [exemption]. The court understands that a mortgage is a consensual lien and that the homestead [exemption] does not apply to consensual liens. However, the court

determined that as per the facts of this case, the mortgage created pursuant to the forbearance agreement was invalid, and, as a result, judgment was entered as to the judgment liens." The court further articulated that "[i]t was not until [the] defendants raised their claim to the homestead exemption pursuant to . . . § 52-352b (t), that [the] plaintiff sought to amend the complaint. The reason for this, ostensibly, is that while the homestead exemption of $75,000 per owner applies to the value of the property after consensual liens are taken into account (such as mortgages), it is paid to [the] defendants before payment is made to holders of judgment liens. Therefore, [the] plaintiff could avoid having the homestead exemption applied to [the] defendants' interest in [their home], and thus recover more from a foreclosure, if it were to foreclose the purported mortgage, rather than the [j]udgment [l]iens. . . .

"In other words, if [the] plaintiff were to foreclose on the judgment liens, as it had intended to do for several years after it obtained the mortgage, [the] defendants would be entitled to the homestead exemption after any consensual or statutory liens were paid, but before [the] plaintiff received any part of the foreclosure judgment. However, if the mortgage is still valid, [the] plaintiff is entitled to be paid on the foreclosure judgment (in an action on the mortgage), without [the] defendants receiving the amount of the homestead exemption before [the] plaintiff is paid." (Internal quotation marks omitted.) "To that end, the court determined that the mortgage is invalid and that judgment is entered in favor of the plaintiff as to the judgment liens, but, not the mortgage."

We begin our analysis by setting forth our well established standard of review and the relevant legal principles that govern the issue before us. This court reviews questions of statutory interpretation under the plenary standard of review. *Spears* v. *Elder*, 156 Conn. App. 778, 785, 115 A.3d 482 (2015).

Pursuant to General Statutes § 52-350f, which governs the enforcement of money judgments, a judgment creditor may enforce a money judgment "against any property of the judgment debtor unless the property is exempt from application to the satisfaction of the judgment under section . . . 52-352b . . . ."[6] "Section 52-352b identifies assets that are exempt from postjudgment procedures. Subsection (t) exempts '[t]he homestead of the exemptioner to the value of seventy-five thousand dollars, or, in the case of a money judgment arising out of services provided at a hospital, to the value of one hundred twenty-five thousand dollars, provided value shall be determined as the fair market value of the real property less the amount of any statutory or consensual lien which encumbers it . . . .' " *JP Morgan Chase Bank, N.A.* v. *Zubretsky*, 130 Conn. App. 115, 116 n.1, 22 A.3d 668 (2011), quoting General Stat-

utes § 52-352b (t). A "[h]omestead means owner-occupied real property . . . used as a primary residence." (Internal quotation marks omitted.) General Statutes § 52-352a (e); see also *Tuxis-Ohr's Fuel, Inc.* v. *Trio Marketers, Inc.*, Superior Court, judicial district of New Haven, Docket No. CV-04-4002067-S (October 26, 2005) (40 Conn. L. Rptr. 203, 204). "Read together, §§ 52-350f and 52-352b (t) set forth a public policy of protecting one's homestead up to a value of $75,000." *Tuxis-Ohr's Fuel, Inc.* v. *Trio Marketers, Inc.*, supra, 205.

Here, the plaintiff contends that it is not relying on any waiver of the homestead exemption, whether in the forbearance agreement or in the mortgage.[7] Rather, the plaintiff argues that under § 52-352b, the homestead exemption does not apply to the mortgage as it is a consensual lien. We agree with the plaintiff.

Although our appellate courts have yet to address the specific question of whether mortgages are consensual liens, our superior court has. See *Garcia* v. *Amaranto*, Superior Court, judicial district of Fairfield, Docket No. CV-98-0355695-S (January 7, 2003) (33 Conn. L. Rptr. 653, 656 n.7) ("[T]he value of the residence for purposes of the homestead exemption was $82,000, which is $142,000 minus the $60,000 *mortgage* taken out on the property by the defendant. The value of the residence shall be determined as the fair market value of the real property less the amount of any statutory or consensual lien which encumbers it . . . [under] General Statutes § 52-352b (t)." [Emphasis added; internal quotation marks omitted.]). These statutory or consensual liens, such as a tax lien or a mortgage, are used to determine the fair market value of the homestead under § 52-352b (t). *L. Suzio Asphalt Co.* v. *Ferreira Construction Corp.*, Superior Court, judicial district of New Haven, Docket No. 351912 (October 19, 1993) (10 Conn. L. Rptr. 264, 265) (According to legislative history, "[t]hese statutory or consensual liens, such as a tax lien or a mortgage, are used to determine the fair market value of the homestead under [§ 52-352b] (t). . . . Thus, mortgages or other statutory or consensual liens that existed prior to the effective date of the act, October 1, 1993, are to be factored into a determination of the value of the homestead under [§ 52-352b] (t)." [Citation omitted.]). We find these cases persuasive for the proposition that mortgages are "consensual liens" under § 52-352b (t). In the present case, the defendants provided a mortgage on their property to secure their obligations under the forbearance agreement in exchange for the plaintiff's agreement to forbear from collection activities as long as there was compliance with the modified payment schedule. This mortgage encumbering the defendants' property is a consensual lien under § 52-352b (t), and therefore the mortgage is exempt from the homestead exemption set forth in that statute.

The defendants, however, claim that the mortgage is

void on public policy grounds because it is a de facto waiver of the homestead exemption. In particular, the defendants rely on *Tuxis-Ohr's Fuel, Inc.* v. *Trio Marketers, Inc.*, supra, 40 Conn. L. Rptr. 203, to support their assertion that the mortgage is void because it is the functional equivalent of a waiver of the homestead exemption and against public policy. In *Tuxis-Ohr's Fuel, Inc.*, as summarized by the trial court in this case, "a dispute arose from a breach of a credit sales arrangement between the plaintiff and one of the defendants, Trio Marketers, Inc. . . . The other defendant, Douglas Wentz, had personally guaranteed Trio's debt. . . . Wentz alleged through a special defense that the guaranty given was voidable, either in whole or in part, because it included a waiver of the homestead exemption, which he argued was against public policy. . . . In ruling that the homestead exemption waiver within the guaranty was void, as it was against public policy, the court reasoned that if it were to uphold the validity of a waiver of the homestead exemption, the result would be an annihilation of the statute since it would encourage the insertion of a waiver in every similar instrument as a matter of routine." Id. (Citations omitted; internal quotation marks omitted.)

Although *Tuxis-Ohr's Fuel, Inc.* does provide that waivers of the homestead exemption are void as against public policy; Id., 205; we are not persuaded that such reasoning applies here. We emphasize that the plaintiff is not relying on the waiver of the homestead exemption in the mortgage.[8] Rather, the plaintiff argues that § 52-352b (t) expressly provides that the homestead exemption is not applicable to consensual liens, which includes the mortgage in this case. We agree. Because the mortgage is a consensual lien, it is exempt from the homestead exemption. The court, therefore, erred in relying on the homestead exemption waiver to determine that the mortgage was void as against public policy, and we reverse its judgment.

## II

### THE DEFENDANTS' CROSS APPEAL

### A

Before addressing the merits of the defendants' cross appeal, we first must consider whether the court's judgment foreclosing on the judgment liens constitutes an appealable final judgment. A judgment of foreclosure on judgment liens is not, ordinarily, an appealable final judgment until "the court has determined the method of foreclosure and the amount of debt." *J & E Investment Co., LLC* v. *Athan*, supra, 131 Conn. App. 483, 484–85 (determination of parties' mortgages was interlocutory order not immediately appealable); see also *Essex Savings Bank* v. *Frimberger*, supra, 26 Conn. App. 80–81; General Statutes § 52-380a (c) ("[a] judgment lien on real property may be foreclosed or

redeemed in the same manner as mortgages on the same property"). "Our Supreme Court has held, however, that, in some circumstances, the factual and legal issues raised by a legal argument, the appealability of which is doubtful, may be so *inextricably intertwined* with another argument, the appealability of which is established that we should assume jurisdiction over both." (Emphasis added; internal quotation marks omitted.) *Clukey* v. *Sweeney*, 112 Conn. App. 534, 542, 963 A.2d 711 (2009), citing *Collins* v. *Anthem Health Plans, Inc.*, 266 Conn. 12, 29, 836 A.2d 1124 (2003).

For example, in *Santorso* v. *Bristol Hospital*, 308 Conn. 338, 354 n.9, 63 A.3d 940 (2013), our Supreme Court applied the inextricably intertwined standard to permit review of one of the claims raised on appeal, namely, the denial of a statute of limitations defense. Specifically, the court explained that "[a]lthough the denial of a statute of limitations defense is not itself an appealable final judgment, we nevertheless may review such a claim when it is *inextricably intertwined* with the trial court's denial of a res judicata defense. See *Clukey* v. *Sweeney*, [supra, 112 Conn. App. 542] ('in some circumstances, the factual and legal issues raised by a legal argument, the appealability of which is doubtful, may be so "inextricably intertwined" with another argument, the appealability of which is established that we should assume jurisdiction over both'); cf. *Collins* v. *Anthem Health Plans, Inc.*, [supra, 266 Conn. 29–30] (permitting interlocutory appeal for certain claims when ' "inextricably intertwined" ' with other claims that were subject to interlocutory appeal pursuant to statute)." (Emphasis in original.) *Santorso* v. *Bristol Hospital*, supra, 354 n.9.

Applying *Santorso* to this case, we determine that the claim the defendants raise in their cross appeal is inextricably intertwined with the claim raised in the plaintiff's appeal. In particular, under the unusual circumstances of this case, both parties contend that the court erred in rendering a judgment of foreclosure on the judgment liens, since the operative complaint did not seek that relief. It is clear that this cross appeal, like the plaintiff's appeal, rests heavily on Judge Gilardi's determination, both in the court's memorandum of decision and articulation, that "[o]nce the court voided the forbearance agreement and underlying mortgage, the remaining matter to be resolved involved judgment on the original judgment liens." Because this cross appeal is related so closely to the issues underlying the plaintiff's appeal, we conclude that it is appropriate for us to assume jurisdiction over the cross appeal.

B

Having assumed jurisdiction, we consider whether the trial court improperly rendered a judgment of foreclosure on the judgment liens in favor of the plaintiff. Specifically, the defendants argue that the court erred

in rendering a judgment of foreclosure on the judgment liens because the plaintiff amended its complaint to seek to foreclose solely the mortgage. The defendants, therefore, contend that it was an error for the court to render a judgment of foreclosure on the judgment liens as this claim was no longer in the plaintiff's operative complaint. We agree with the defendants.

We begin by setting forth our well established standard of review and the legal principles that guide our resolution of the defendants' claim. "The defendants' claim requires us to interpret the allegations of the plaintiff's complaint to determine what it fairly alleges and to compare those allegations with the court's judgment, as informed by the trial record. The interpretation of pleadings presents a question of law over which our review is plenary." *Landry* v. *Spitz*, 102 Conn. App. 34, 41, 925 A.2d 334 (2007); see also *Martino* v. *Scalzo*, 113 Conn. App. 240, 245, 966 A.2d 339 ("[t]he construction of a pleading is a question of law, over which we exercise plenary review" [internal quotation marks omitted]), cert. denied, 293 Conn. 904, 976 A.2d 705 (2009).

"The purpose of the complaint is to limit the issues to be decided at the trial of a case and is calculated to prevent surprise. . . . A complaint should fairly put the defendant on notice of the claims against him. . . . Thus, a plaintiff during trial cannot vary the factual aspect of his case in such a way that it alters the basic nature of the cause of action alleged in his complaint. . . . In other words, [a] plaintiff may not allege one cause of action and recover upon another." (Citations omitted; internal quotation marks omitted.) *Landry* v. *Spitz*, supra, 102 Conn. App. 41.

Practice Book § 10-60 (3) permits a party to file a request for leave to file an amended complaint and permits the opposing party to file an objection to any part of such request. In the present case, the court overruled the defendants' objection to the plaintiff's request for leave to amend its complaint. Our Supreme Court previously has concluded that an amended complaint operates as a withdrawal of the original complaint. *Wesley* v. *DeFonce Contracting Corp.*, 153 Conn. 400, 404, 216 A.2d 811 (1966). Specifically, in *Wesley*, it explained: "The amended complaint, since it is complete in itself and entirely supersedes the original complaint, should more accurately be termed a substitute complaint. . . . As such, its voluntary filing operated as a withdrawal of the original complaint, which thereupon became merely a part of the history of the case." (Citation omitted.) Id.; see also *Wilson* v. *Hryniewicz*, 38 Conn. App. 715, 719, 663 A.2d 1073 ("When an amended pleading is filed, it operates as a waiver of the original pleading. The original pleading drops out of the case and although it remains in the file, it cannot serve as the basis for any future judgment, and previous rulings on the original pleading cannot be made the

subject of appeal."), cert. denied, 235 Conn. 918, 665 A.2d 610 (1995).

In the present case, the parties agree that the court rendered a judgment of foreclosure on a claim that was no longer in the plaintiff's operative complaint. Specifically, after the defendants defaulted on their payments in the forbearance agreement, the plaintiff commenced an action to foreclose the judgment liens. Shortly thereafter, the plaintiff requested permission to amend its complaint to seek foreclosure of the mortgage instead of the judgment liens, which the court granted on May 15, 2014. The plaintiff then filed an operative complaint seeking a strict foreclosure on the mortgage and abandoning its request for foreclosure of the judgment liens. See *Wesley* v. *DeFonce Contracting Corp.*, supra, 153 Conn. 404 (amended complaint operates as withdrawal of original complaint). Accordingly, neither party pleaded, briefed or argued that the trial court should render judgment of foreclosure on the judgment liens. The court, however, rendered a judgment of foreclosure on the judgment liens in favor of the plaintiff. Because the court based its decision on a claim that was not advanced by either party, we conclude that it erred in rendering a judgment of foreclosure on the judgment liens.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

[1] The Housatonic Lumber Company was also named as a defendant by virtue of its encumbrances on the Sanzos' property both prior and subsequent to the encumbrance sought to be foreclosed, but it was defaulted for failure to plead. All references to the defendants therefore refer to John Sanzo and Maria Sanzo only.

[2] A document entitled "Open-End Mortgage" (mortgage), dated April 26, 2009, was executed by the defendants and secures their obligation due under the forbearance agreement, which includes the judgment liens, fees, costs and additional interest.

[3] Connecticut's homestead exemption is codified at General Statutes § 52-352b, which provides in relevant part: "The following property of any natural person shall be exempt . . . (t) The homestead of the exemptioner to the value of seventy-five thousand dollars . . . provided value shall be determined as the fair market value of the real property less the amount of any statutory or consensual lien which encumbers it . . . ."

[4] Specifically, the plaintiff contends that although the court failed to determine the amount of debt and the method of foreclosing on the judgment liens, it did determine that the forbearance agreement was void and thus refused to render judgment of foreclosure on the mortgage.

[5] In part II B of this opinion, we address the court's error in foreclosing on the judgment liens. Such relief was not sought in the operative complaint.

[6] General Statutes § 52-350f provides: "A money judgment may be enforced against any property of the judgment debtor unless the property is exempt from application to the satisfaction of the judgment under section 52-352a, 52-352b, 52-352d or 52-361a or any other provision of the general statutes or federal law. The money judgment may be enforced, by execution or by foreclosure of a real property lien, to the amount of the money judgment with (1) all statutory costs and fees as provided by the general statutes, (2) interest as provided by chapter 673 on the money judgment and on the costs incurred in obtaining the judgment, and (3) any attorney's fees allowed pursuant to section 52-400c."

[7] We note that the mortgage did in fact include a waiver of the homestead exemption. Specifically, paragraph sixteen of the mortgage states: "The [m]ortgagor waives all rights of homestead exemption in, and statutory

redemption of, the [p]roperty and all right of appraisement of the [p]roperty and relinquishes all rights of courtesy and dower in the [p]roperty." We need not further discuss this issue, as the issues raised by the plaintiff on appeal do not involve its reliance on the homestead exemption waiver in the forbearance agreement.

[8] See footnote 7 of this opinion.

---